OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KIRK

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KIRK
2014 OK 51
Case Number: SCBD-6121; OBAD-1992
Decided: 06/12/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 51, __ P.3d __
FOR PUBLICATION IN OBJ ONLY. NOT RELEASED FOR PUBLICATION. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
FRANK B. KIRK, JR. Respondent.

ORDER OF INTERIM SUSPENSION

The Oklahoma Bar Association, Complainant, with the concurrence of the Professional Responsibility Commission, filed a Verified Complaint and Application for Immediate Interim Suspension of Frank B. Kirk, Jr., Respondent, pursuant to Rule 6.2A of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, on April 4, 2014. This Court ordered Respondent to show cause no later than April 18, 2014, why an order of interim suspension should not be entered. Respondent responded to the show cause order only to request an extension of time and did not otherwise timely respond to the show cause order on the merits. On April 28, 2014, Respondent objected to the order to show cause and filed his answer to the verified complaint, requesting its denial and the withholding of any discipline until after a May 30, 2014, hearing before the Professional Responsibility Tribunal, which has since been continued.

The Verified Complaint and Application for Interim Suspension alleges, in part, that:

1) On March 24, 2014, a criminal information was filed against Respondent in State of Oklahoma v. Frank Kirk, Oklahoma County District Court Case No. CM-2014-845 [now incorporated into information CF-2014-2199]. It charged Respondent with unlawfully committing crimes in violation of 21 O.S. §1025-1031. Specifically, the information alleged 5 counts of 21 O.S. §1029(A), Offering to Engage in an Act of Lewdness - a Misdemeanor, by "willfully and knowingly soliciting, inducing, enticing or procuring another to engage in an act of lewdness in return for the promise of legal representation" while visiting a female inmate [J.M.] incarcerated in the Oklahoma County Jail.

2) On March 31, 2014, a criminal information was filed against Respondent in State of Oklahoma v. Frank Kirk, Oklahoma County District Court Case No. CF-2014-2199, charging Respondent with unlawfully committing a crime in violation of 21 O.S. §455, Preventing Witness from Giving Testimony - A Felony by "willfully and feloniously attempting to prevent J.M., who at the time was a witness to and victim of a reported crime allegedly committed by Mr. Kirk, from giving testimony relevant to said reported crime, by Mr. Kirk signing in to the Oklahoma County Jail for an alleged attorney visit with an inmate he did not represent ("A.P."), to confront J.M. while in jail and intimidate J.M. to alter her proposed testimony or to keep her from giving any testimony against Mr. Kirk.

Complainant alleges Respondent has filed a formal entry of appearance in several client cases pending in Logan, Oklahoma, and Tulsa Counties, primarily in criminal and family law matters. Because it is alleged that Respondent used his law license to gain privileged access to an inmate by representing to be her lawyer to commit lewd acts, and that he again used his law license to gain privileged access to another inmate in order to confront and intimidate J.M. from giving testimony against him, this Court finds Respondent's continued practice poses an immediate threat of substantial and irreparable public harm based on the facts presented.

THE COURT DETERMINES:

1) Respondent is subject to immediate interim suspension awaiting resolution of the disciplinary proceedings currently pending.

2) Respondent is required to withdraw from all cases pending and give written notice by certified mail within twenty (20) days to all those clients for whom he is presently conducting legal business that is now pending, notifying them of his suspension, and the necessity of promptly retaining new counsel. Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A.

3) Respondent's participation in the representation of clients in any proceeding outside the parameters of this order shall be considered the unauthorized practice of law.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

the respondent, Frank B. Kirk, Jr., is suspended from the practice of law effective immediately; Respondent is directed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A; and any participation by the attorney in the representation of clients in any proceeding outside the parameters of this order shall constitute the unauthorized practice of law.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF JUNE, 2014.

/S/CHIEF JUSTICE

All Justices Concur.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Title 21. Crimes and Punishments Cite
Name
Level 21 O.S. 455, Preventing Witness from Giving Testimony
Cited 21 O.S. 1029, Engaging in or Soliciting Prostitution - Residing or Remaining in Place for Prohibited Purpose - Aiding, Abetting, or Participating in Prohibited Acts - Child Prostitution - Human Trafficking
Cited